## William M. Elliott, Appellee, v. Herman Maves, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edwards county; the Hon.
WILLIAM H. GREEN, Judge, presiding. Heard in this court at the
March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action by William M. Elliott, plaintiff, against Herman Maves, defendant, in the Circuit Court of Edwards county, to recover a broker's commission for bringing about a contract between defendant and one Naylor, whereby defendant traded his store building and stock of goods for sixty-five acres of land.  From a judgment for plaintiff after trial by jury, defendant appeals.

The proofs showed that defendant had a store at Browns, Illinois, and that plaintiff was in the real estate business at Albion, Illinois.  Sometime in February following, defendant went to Albion, where he met plaintiff, who testified that at that time defendant asked him to try to effect a trade with Naylor, who had visited the property with Elbert Epler.  Plaintiff testified that Epler was induced by him to take Naylor to see the property.  Defendant denied that he had the conversation with plaintiff at Albion, but it appeared that immediately after it is claimed to have taken place, plaintiff went with Naylor to an attorney's office and then went out and got defendant and Epler and returned with them to the office; that the terms of the trade were then agreed upon and the attorney instructed to draw up an agreement, which was done, and that while the contract was being drawn, an alteration was made in it for defendant's benefit at the suggestion of plaintiff and the contract was then signed.

In regard to the contract between defendant and plaintiff concerning the agency for the sale of the land, there was some conflict in the testimony. Plaintiff testified that he contracted with defendant to act as his agent in selling the property and was to receive for his services a commission of two and a half per cent. of the selling or trading price. Defendant testified that his statement to plaintiff was "the party that brings me a deal gets a commission but I reserve the right to make the deal myself provided I can," and claimed to have made the deal himself. A witness, Lovellette, who was present at the time of the making of the oral contract between defendant and plaintiff, corroborated the plaintiff's testimony.

The court modified the following instructions by inserting the word "may" instead of the word "should" therein:

No. 1. "The jury are instructed that if, after considering all the evidence in the case together, you believe that the evidence is equally balanced on both sides, then you may find your verdict for the defendant."

No. 2. "The Court instructs the jury that if you believe from the evidence that Charles Naylor was not induced by the plaintiff to purchase or trade for the property in question by the efforts of the plaintiff, then the plaintiff is not entitled to his commission and you may find your verdict for the defendant."

No. 4. "The Court instructs the jury that unless you believe from a preponderance or greater weight of the evidence in this case that the plaintiff contracted with the defendant to procure a purchase or trade for the property in question, and while acting under said contract procured a purchaser or trader willing and able and ready to purchase or trade for said property, that you may find for the defendant."

No. 5. "You are further instructed that before the plaintiff is entitled to recover in this case he must prove by a preponderance or greater weight of the evidence that the defendant employed him to procure

a purchase or trade for the property in question, and that the plaintiff in pursuance of said employment found a person and sent him to the defendant, and that said person either purchased or traded for said property, or was willing, ready and able to purchase or trade for said property according to the terms under which the plaintiff was employed to obtain, and unless you so believe from the greater weight of the evidence then you may find for the defendant.''

S. E. Quindry, for appellant.

Allen E. Walker and P. C. Walters, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

## Abstract of the Decision.

1. Principal and agent, § 8*—*when evidence sufficient to establish agency to exchange land.* In an action to recover a broker's commission for procuring a contract between defendant and another whereby defendant traded his store building and stock of goods for a tract of land, where the evidence was conflicting as to whether defendant made a contract of agency with plaintiff to bring about such exchange, but where plaintiff's testimony was corroborated by that of another witness, evidence *held* sufficient to sustain a finding that such a contract was made.

2. Principal and agent, § 83*—*when evidence sufficient to establish that broker was procuring cause of sale.* In an action to recover a broker's commission for procuring a contract whereby defendant exchanged his store building and stock of goods for a tract of land owned by a certain person, where it appeared that plaintiff went with such person to the office of an attorney, where the contract was made after plaintiff had brought defendant to the same office, evidence *held* to sustain a finding that plaintiff was instrumental in bringing about the exchange.

3. Principal and agent, § 69*—*when agent entitled to recover commissions.* In an action to recover a broker's commission for procuring the exchange of property, where it appeared that defendant requested plaintiff to try to effect such exchange, and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

where it appeared that plaintiff was instrumental in bringing about such exchange, a verdict for plaintiff for the amount of the commission agreed on *held* proper.

4. INSTRUCTIONS, § 46*—*when instruction does not invade province of jury.* An instruction that the jury "may" find for a party to an action under certain conditions does not make it mandatory on the jury so to find under such conditions.

5. INSTRUCTIONS, § 162*—*when modification by insertion of word "may" instead of "should" erroneous.* In an action to recover a broker's commission for procuring the exchange of property, where instructions requested by defendant, to the effect that under certain conditions the jury "should" find in his favor, were modified by the court by substituting the word "may" for the word "should," instructions *held* correct as requested, the words "should" and "may" not having the same meaning as used in the instructions requested.

6. WORDS AND PHRASES—*"should" and "may."* In some connections the words "should" and "may" have substantially the same meaning.

7. APPEAL AND ERROR, § 1565*—*when modification of instruction by substituting word "may" for "should" not prejudicial error.* In an action to recover a broker's commission for procuring a contract to be made whereby defendant traded his store building and stock of goods for a tract of land, where instructions requested by defendant that the jury "should" find in his favor under certain named conditions were modified by the court by substituting the word "may" for the word "should" as used in the requested instructions, *held* that the modification was not reversible error, although erroneous as not making it mandatory on the jury to find if they found the conditions named to exist, it appearing that the case was not close on the facts, and that the jury were not misled by the error.

8. APPEAL AND ERROR, § 1538*—*when instruction omitting essential element not prejudicially erroneous.* In an action to recover a broker's commission for procuring the exchange of property, an instructions state the necessity of such a contract to entitle plain- would be entitled to a verdict, although erroneous as omitting the element of whether there was a contract for commissions between plaintiff and defendant, is not prejudicially erroneous where other instructions state the necessity of such a contract to entitle plaintiff to recover, and where the case is tried on the theory that such contract was essential to recovery.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.